

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. Maddox
County Attorney
Palo Pinto County
Palo Pinto, Texas

Dear Sir:

Opinion No. O-4536
Re: Under the facts submitted does
Article 4625, Vernon's Anno-
tated Civil Statutes, grant an
employer the right and privi-
lege to hire a married female
under 18 years of age to handle
beer?

Your letter of May 6, 1942, requesting the opinion
of this department on the above stated question reads as fol-
lows:

"The question has been presented to me as
to the effect of Art. 4625 of the Revised Civil
Statutes of Texas, which emancipates females by
marriage, upon the employment by a holder of a
beer license of a female under the age of eighteen
years who is married. Art. 666-19 of the Penal
Code in Section f, prohibits the employment of
any person under the age of 18 years to sell,
handle, or dispense, or to assist in selling,
handling, or dispensing beer in any establish-
ment where beer is sold at retail to be consumed
on the premises where sold, while Art. 4625 pro-
vides that said married females shall be deemed
to be of full age and shall have all the rights
and privileges to which she would have been en-
titled had she been at the time of her marriage
of full age.

"I am of the opinion that Art. 4625 does
not grant unto the employer in question the right
and privilege to hire a married female in this
instance if she is under eighteen years of age.
Your opinion on this matter will be greatly ap-
preciated."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable A. Maddox, Page 2


Article 4625, Vernon's Annotated Civil Statutes, provides:

"Every female under the age of twenty-one years who shall marry in accordance with the laws of this State, shall, from and after the time of such marriage, be deemed to be of full age and shall have all the rights and privileges to which she would have been entitled had she been at the time of her marriage of full age."

We note that you refer to Article 666-19, Section f, of the Penal Code. We do not think that Article 666-19 of the Penal Code has any application to the question under consideration. It is apparent that you have reference to Section f of Article 667-19, Vernon's Annotated Penal Code, which provides in part:

"The Board or Administrator shall have the power and authority to cancel the license of any person authorized to sell beer after notice and hearing as herein provided upon finding that the licensee has:

". . .

"(f) Employed any person under the age of eighteen (18) years to sell, handle, or dispense or to assist in selling, handling, or dispensing beer in any establishment where beer is sold at retail to be consumed on the premises where sold; . . ."

The case of Phillips v. State, 20 S. W. (2d) 790, among other things, holds in effect that a female who is under the age of 18 years at the time or trial and married was within the purview of Article 1085, Code of Criminal Procedure, relating to delinquent children, notwithstanding Article 462b, Vernon's Annotated Civil Statutes, providing that after marriage a female under 21 years of age shall from time of marriage be deemed of full age.

It was held in the case of Beezley v. State, 1 S. W. (2d) 903, that a married female under the age of 18 years may be the subject of rape, even though she consents to the act of

Honorable A. Maddox, Page 3

sexual intercourse notwithstanding the provisions of Article 4625, Vernon's Annotated Civil Statutes.

Referring to Article 4625, it is stated in Texas Jurisprudence, Volume 28, page 705:

"The provision for the wife's becoming of full age upon marrying does not affect the exemption of married women from operation of the statutes of limitations, since these statutes speak specifically with respect to the matter, . . ."

Under the statutes of this State pertaining to elections, a married female under 21 years of age is not entitled to vote although otherwise fully qualified notwithstanding the provisions of said Article 4625, supra.

Under the provisions of Article 667-16, Vernon's Annotated Penal Code, the Board or Administrator shall have the power and authority to cancel the license of any person authorized to sell beer after notice and hearing as provided by law upon finding that the licensee has employed any person under the age of 18 years to sell, handle or dispense, or to assist in selling, handling or dispensing beer in any establishment where beer is sold at retail to be consumed on the premises where sold. It is apparent, we think, that the Legislature intended that no person under the age of 18 years could be employed to sell, handle or dispense or to assist in selling, handling, or dispensing beer in any establishment where beer is sold at retail to be consumed on the premises where sold, regardless of the marital status of such person. We think that by analogy the principles controlling the decisions above mentioned should have application here. Therefore, we respectfully answer the above stated question in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

APPROVED MAY 21, 1942

ATTORNEY GENERAL OF TEXAS

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

*Ardell Williams*

By

Ardell Williams
Assistant

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN

AW:00